13-881
*Sherpa v. Holder*

BIA
A089 252 045
A089 252 046

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT
# <u>SUMMARY ORDER</u>

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of July, two thousand fourteen.

PRESENT:
> JOSÉ A. CABRANES,
> SUSAN L. CARNEY,
> CHRISTOPHER F. DRONEY,
> *Circuit Judges.*

---

PASANG DAWA SHERPA, ANG CHHOKPA SHERPA,

> *Petitioners,*

v.                                    13-881

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,

> *Respondent.*

---

| | |
|---|---|
| **FOR PETITIONER:** | Ramesh Kumar Shrestha, New York, NY. |
| **FOR RESPONDENT:** | Stuart F. Delery, Assistant Attorney General; Edward J. Duffy, Senior Litigation Counsel; Andrew B. Insenga, Matthew B. George, Trial Attorneys, Office of Immigration Litigation, United States Department of Justice, Washington, D.C. |

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is GRANTED.

Petitioners Pasang Dawa Sherpa and Ang Chhokpa Sherpa, married natives and citizens of Nepal, seek review of a February 11, 2013 decision of the BIA denying their motion to reopen their removal proceedings. *In re Pasang Dawa Sherpa, Ang Chhokpa Sherpa*, No. A089 252 045/46 (B.I.A. Feb. 11, 2013). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006) (per curiam). An alien seeking to reopen proceedings is required to file a motion to reopen no later than 90 days after the date on which the final administrative decision was rendered. *See* 8 U.S.C. § 1229a(c)(7)(C); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Petitioners' motion to reopen, filed in October 2012, was untimely because their orders of removal became final in 2010. *See* 8 U.S.C. § 1101(a)(47)(B)(i).

Petitioners contend, however, that "materially changed country conditions" in Nepal excuse their motion from the applicable time limitation. In particular, they point to: the Maoists' resumption of government control in 2011; the 2012 dissolution of Nepal's legislative body, the Constituent Assembly; and the renewal of Maoist attacks on the petitioner's family through threatening letters and a physical assault on Pasang's brother.

We conclude, after a review of the record, that the BIA erred or "abused its discretion" by failing to sufficiently state its reasoning for denying Petitioners' motion to reopen as untimely. *See Anderson v. McElroy,* 953 F.2d 803, 806 (2d Cir. 1992); *Beskovic v. Gonzales*, 467 F.3d 223, 227 (2d Cir. 2006) (requiring a certain minimal level of analysis from agency decisions to enable meaningful judicial review); *see generally In re Sims*, 534 F.3d 117, 132 (2d Cir. 2008) (explaining that "abuse of discretion" includes basing a ruling on "an erroneous view of the law"). The Sherpas presented evidence showing that the Maoists had dissolved Nepal's legislative body and argued that the

2

Nepalese government was now solely controlled by the Maoist-led executive branch. This evidence may have been sufficient to demonstrate a material change in country conditions because, at the time of the merits hearing, the Maoists had been merely one of several political parties sharing power in Nepal's government. *See In re S-Y-G-*, 24 I. & N. Dec. 247, 253 (B.I.A. 2007) (noting that in evaluating evidence of changed country conditions, the BIA "compare[s] the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below").

Rather, to the extent the Maoists now have unfettered control of Nepal's government, they may indeed be in a position to more easily retaliate against the Sherpas for their past failures to provide support. However, the BIA found, in a single conclusory sentence, that "[t]he submitted country information does not reflect materially changed circumstances [in Nepal]." While the BIA is not required to "expressly parse or refute on the record each individual . . . piece of evidence offered by the petitioner," *Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008), the BIA does have an obligation to consider "the record as a whole" and it may be an abuse of discretion to deny a motion to reopen without addressing "all the factors relevant to [a] petitioner's claim." *Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 97 (2d Cir. 2001). Because the BIA's decision provides no indication that it considered the evidence regarding the alleged structural change in government in Nepal, we remand to the BIA to articulate its reasoning regarding changed country conditions. *Zhao*, 265 F.3d at 97; *Chen v. INS*, 359 F.3d 121, 127-28 (2d Cir. 2004) (noting that remand is appropriate where the agency's decision "omit[s] potentially significant facts" so fundamental to the claim that "we are unable adequately to consider whether substantial evidence supports the BIA's determination . . . .").

Additionally, the BIA erred in giving diminished weight to the Sherpas' individualized evidence: the letters from Pasang's brother, the Airport Security Post Investigation Department, the Office of Village Development Committee, and the Maoists. The BIA found that these letters "were created in support of the present request for reopening, were not subjected to cross examination, and have little indicia of reliability," relying on *In re H-L-H- & Z-Y-Z-*, 25 I. & N. Dec. 209 (B.I.A. 2010), *abrogated on other grounds by Hui Lin Huang v. Holder*, 677 F.3d 130 (2d Cir. 2012). However, *H-L-H-* does not support the cursory discounting of the Petitioners' evidence. Unlike the letters obtained from village committees in *H-L-H-*, the letters in this case are signed and identify their authors. Additionally, the Petitioners have produced letters not only from Pasang's brother –

3

an "interested" family member – but also from independent sources, namely, the Airport Security Investigation Department, the Village Development Committee, and the Maoists. These letters, unlike those in *H-L-H-*, also relay current events – the recent assault on Pasang's brother and a present Maoist threat.

Lastly, because the BIA's flawed consideration of the Sherpas' evidence tainted its finding that the Sherpas had not established their prima facie eligibility for relief, that finding does not obviate the need for remand. In light of the fact that "we cannot confidently predict that the agency would reach the same decision absent these errors," we conclude that remand is necessary. *Li v. Mukasey*, 529 F.3d 141, 150 (2d Cir. 2008).

For the foregoing reasons, the petition for review is GRANTED, the decision of the BIA is VACATED, and the case is REMANDED for further proceedings consistent with this order.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk

4